UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anthony A. S.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:25-cv-132

Judge Michael H. Watson

Magistrate Judge Silvain, Jr.

## OPINION AND ORDER

Plaintiff applied for Supplemental Security Income ("SSI") but was denied initially and on reconsideration. Tr. 435–40, ECF No. 7-5; Tr. 154–70, ECF No. 7-3. After an Administrative Law Judge ("ALJ") held a hearing, the ALJ determined that Plaintiff was not disabled. Tr. 174–94, ECF No. 7-3. The Appeals Council remanded, Tr. 200–03, ECF No. 7-3, and another ALJ held a new hearing but, again, concluded that Plaintiff was not disabled. Tr. 18–44, ECF No. 7-2. The Appeals Council refused to review that decision. *Id.* at 1–4. Plaintiff then sued here. Compl., ECF No. 6. The case is before the Undersigned on Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 13.

## I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II.    ANALYSIS

The R&R recommends that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") non-disability finding.  R&R, ECF No. 12.

On objection, Plaintiff contends that the ALJ failed to properly account for the social interaction limitations opined by Dr. Jeffrey Andert ("Dr. Andert") and that the R&R deemed this argument moot by incorrectly concluding that the ALJ's Residual Functional Capacity ("RFC") was more limiting than Dr. Andert's opinion.  Obj., ECF No. 13.

As relevant here, Dr. Andert was an impartial medical expert who performed a file review and testified before the second ALJ.  Tr. 18, ECF No. 7-2. Dr. Andert opined, *inter alia*, that Plaintiff was limited to interacting with only "a small group of coworkers, perhaps six to eight with whom he interacted on a routine basis and even that would be occasional." *Id.* at 72.  He opined no limitations on interactions with supervisors but opined that Plaintiff should be limited to only occasional interactions with the general public. *Id.* at 72–73.

The ALJ's RFC limited Plaintiff to "occasional interaction with coworkers and the public, where interactions with others would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision." *Id.* at 26.

Accordingly, both Dr. Andert and the ALJ limited Plaintiff to occasional interaction with the public and coworkers.  But Plaintiff points to the following difference: the ALJ's RFC *qualitatively* limited that occasional interaction (to the straightforward exchange of information) whereas Dr. Andert's opinion *quantitatively* limited the occasional coworker interaction (to a small group of perhaps six to eight).  Plaintiff maintains that the qualitative limitation does not sufficiently account for the quantitative limitation, such that the ALJ failed to either adopt, or explain the rejection of, Dr. Andert's quantitative limitation.  Obj. 2–3.

The Court disagrees.  At bottom, Dr. Andert opined that Plaintiff could interact with only a small group of coworkers.  Tr. 72, ECF No. 7-2.  Although Dr. Andert limited the number of coworkers with whom Plaintiff could interact, he placed no limit on the number of supervisors or members of the general public with whom Plaintiff could interact.  Moreover, Dr. Andert placed no limit on the nature of Plaintiff's interactions with the public, that small group of coworkers, or supervisors.  *Id.*  Instead of permitting Plaintiff to engage in a wide range of communication with a limited number of coworkers but an unlimited number of members of the public and supervisors, the ALJ permitted Plaintiff to interact with an unlimited number of coworkers, supervisors, and members of the general public but ensured that all such communications involved only the straightforward exchange of information.  *Id.* at 26.  The Court agrees that the latter restriction is more restrictive than the former because it limits Plaintiff to the *type* of communication he can handle.  By limiting interaction to the type Plaintiff can

handle, the ALJ's RFC accounts for the bases of Dr. Andert's opinion, which was that Plaintiff "had symptoms of paranoid thoughts of avoidance of social situations and a tendency to isolate himself." *Id.* at 30, 71. In sum, the Court agrees with the R&R.

Alternatively, to the extent the ALJ's RFC is not more restrictive than Dr. Andert's opinion, the ALJ adequately explained his failure to adopt the "small group" portion of that opinion. The ALJ noted that he did not adopt Dr. Andert's opinion verbatim. *Id.* at 41. The ALJ concluded that Dr. Andert's opinions were "partially persuasive" because they were "generally consistent" with Plaintiff's history of mental health symptoms but that Plaintiff's symptoms improved with medication and treatment compliance to the point that "his moods were not bad, he was sleeping well, he was doing okay, his conditions were 'manageable', he could get through any bad moments, he had minimal hallucinations, which he could manage, and he felt 'the best' he has felt in a while." *Id.* at 41–42. Elsewhere in the decision, the ALJ also noted inconsistencies between Plaintiff's self-reports that "he did not like being around many people" and "would get into confrontations with others" and the fact that Plaintiff hung out with friends, had a girlfriend, had no history of assaults or fights with others, and was able to "get[] out and do[] things" when medication compliant. *Id.* at 38.

Finally, the Court notes that the Vocational Expert never testified that further limiting Plaintiff's coworker interactions to only a small group of coworkers

would impact the availability of jobs that Plaintiff could perform. *Id.* at 78.[1]

Plaintiff's counsel failed to follow up with the Vocational Expert on this issue, and

counsel fails to even argue that adoption of the "small group" limitation would

change the ALJ's non-disability finding.

## III.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections,

**ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and

**AFFIRMS** the Commissioner's decision.  The Clerk shall enter judgment for the

Commissioner and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See* Tr. 78, ECF No. 7-2 ("Q: But if we were further limiting interaction to no more than six to eight coworkers, are you able to provide an opinion as to how that would impact the availability of work? A: I would say that if the employee is working in a department with six people, that'll be fine.  Some departments are bigger and may require more than six to eight workers.  It will really depend on the company.  It will vary.").